IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CR-21-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRENT M. NACHBAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the appeal under Local Criminal Rule of Procedure 58.1(b) by defendant of the conviction and sentence imposed by United States Magistrate Judge Robert B. Jones, Jr. on April 13, 2018. The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, the court reverses the decision of the magistrate judge and vacates judgment against defendant.

**BACKGROUND**

On March 22, 2017, a violation notice was filed charging defendant with operating a motor vehicle off National Forest System roads in violation of 36 C.F.R. § 261.56, which prohibits the possession or use of a vehicle off a National Forest System roads "[w]hen provided by an order."

On April 12, 2017, defendant proceeding pro se appeared before United States Magistrate Judge Robert B. Jones, Jr. and entered a plea of not guilty. The case proceeded to bench trial the same day. The sole witness at trial was Steve Barnett ("Barnett"), a law enforcement officer with the United States Forest Service, who testified in part that Barnett encountered defendant in an area known as Bender Landing in the Croatan National Forest where defendant had driven his vehicle

onto an unauthorized road.

On May 4, 2017, the government filed motion to accept proposed forfeiture of collateral in satisfaction of the charged offense filed by the United States as to defendant, which the court granted, holding that upon payment of the forfeiture amount the case would be ended. On May 19, 2017, defendant filed unopposed motion to set aside forfeiture and adjudication and reinstate case, which the court granted on August 23, 2017, holding that "the parties did not have an agreement as to material terms by which this case was to be disposed through plea agreement." (DE 13 at 1).[1] On April 13, 2018, telephonic conference was held wherein the magistrate judge read findings of fact and conclusions of law into the record, adjudging defendant guilty and sentencing defendant to $145.00 fine and $10.00 assessment.

Defendant filed timely notice appealing his conviction and judgment on April 26, 2018. On appeal, defendant's primary argument is that the government did not meet its burden at trial by failing to produce the order that prohibited defendant's actions, and even if the government had met its burden, the order at issue is inconsistent with 36 C.F.R. §§ 261.50, 261.51.

## DISCUSSION

A.  Standard of Review

A defendant may appeal from a conviction or sentence entered by a magistrate judge within 14 days of its entry. Fed. R. Crim. P. 58(g)(2)(B). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). The district court here "[sits] solely as an appellate court with the power to pass on

---

[1] The magistrate judge further ordered that the government to produce legal authorities supporting its position at trial regarding notice of the order at issue in this case. (DE 13 at 1). On September 20, 2017, the government filed production of legal authorities in support of positions taken at trial, to which defendant filed response on October 3, 2017.

questions of law." United States v. Moore, 586 F.2d 1029, 1032 (4th Cir. 1978). In the context of a claim against the sufficiency of the evidence, reversal is "confined to cases where the prosecution's failure is clear." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (citation omitted). An "appellate court . . . . must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold it." Id. at 862-63 (citation omitted).

B.     Analysis

At 36 C.F.R. § 261.56, entitled "Use of vehicles off National Forest System roads," it is provided that "[w]hen provided by an order, it is prohibited to possess or use a vehicle off National Forest System roads." "Order" is defined by 36 C.F.R. § 261.50 and, as relevant here, directs that each order shall "describe the road or trail to which the order applies" and be posted in accordance with § 261.51, which states as follows:

> Posting is accomplished by:
>
> (a) Placing a copy of the order imposing each prohibition in the offices of the Forest Supervisor and District Ranger, or equivalent officer who have jurisdiction over the lands affected by the order, and
>
> (b) Displaying each prohibition imposed by an order in such locations and manner as to reasonably bring the prohibition to the attention of the public.

36 C.F.R. § 261.51.

Here, the record reflects that the government failed to enter into evidence the order prohibiting the possession of or use of a vehicle on the road where defendant's vehicle was encountered. The magistrate judge recognized the government's burden, but found the government had met its burden as follows:

> The Government has the burden of demonstrating the existence of an order. This particular issue was not raised by the parties at trial, however, it is the Government's burden to prove. Although the Government did not produce an actual order at trial,

3

the Court finds that the Government has met its burden of proof through the testimony of Ofc. Barnett, who described the prohibition both as a rule and order, and who described adequately the scope of the order prohibiting driving off forest-developed roads.

His testimony further describes such roads within the forest, including where Mr. Nachbar was encountered with his vehicle. Ofc. Barnett testified further the order was available at the forest service office and there is a map of permissible driving roads, and the order is available online.

(DE 35 at 12-13).

However, the only evidence adduced at trial concerning the order at issue is as follows:

> Q. About a national forest, are there rules governing vehicle traffic?
> A. There are.
> Q. Is there a rule preventing off-road driving?
> A. Yes, there is.
> Q. What is that rule, or what does that rule entail?
> A. No vehicles off forest-development roads. So, only roads that are authorized to be traveled by the Forest Service are maintained for travel.
> Q. Can you describe a road where it is authorized to drive on it, versus where you cannot drive?
> A. Usually the roads are maintained gravel roads, graded occasionally, on an occasional basis. That's the roads that are kept open that are maintained.
> Q. Are they identifiable, then, that it is a road?
> A. Yes. We also have a motor-vehicle-use map which identifies to the public which roads are open . . . .
> The -- the visitors are required to know what the rules and regulations are in the forest; that's why we provide them a vehicle-motor-use map and all the information at the office and online at our website.

(DE 16 at 7, 11).

The court cannot validate the magistrate judge's interpretation and application of 36 C.F.R. § 261.56 and 36 C.F.R. § 261.50(c), which require an order prohibiting the possession or use of a vehicle off National Forest System roads where defendant's vehicle was encountered and that such order also describe the road or trail where defendant's vehicle was encountered. According to the foregoing testimony, taken in light most favorable to the government, there is a vehicle motor use

4

map that identifies which roads are open, but there is no testimony regarding whether the road on which defendant was found is or is not on that map, nor is there any testimony that the map is consistent with the requirements of 36 C.F.R. § 261.50(c).[2] Such evidence is insufficient to support defendant's conviction.

The magistrate judge cited United States v. Scotford, No. S-06-0330 EFB, 2007 WL 1931666, at *2 (E.D. Cal. June 29, 2007) in support of the proposition that a court may accept an officer's testimony to conclude the existence of an order. (DE 35 at 13). However, in that case, the officer "testified that the defendant drove through an area that was marked with signs as closed to snowmobile operation" and that "[t]he closure is also indicated on maps that are distributed to the public." Scotford, 2007 WL 1931666, at *2. Additionally, the existence of and details regarding the order were not in dispute in that case. See id. at *1 ("The key fact in dispute is whether the person operating that snowmobile was the defendant.").

The government argues that "[f]inders of fact can use direct and circumstantial evidence, written and oral evidence with equal weight, and even circumstantial evidence alone is sufficient to support a conviction." (DE 41 at 6 (citing United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989)). Here, however, there is no direct, circumstantial, written, or oral evidence that an order exists prohibiting the possession or use of a vehicle off National Forest System roads where defendant's vehicle was encountered and that such order describes the road or trail where defendant's vehicle was encountered.

Both parties, in support of their respective positions, submit to the court maps as found on the relevant section of the Forest Service's website. Federal Rule of Criminal Procedure 58 provides

---

[2] The court assumes without deciding that the order as posted online is consistent with 36 C.F.R. § 261.51 in that an order displayed online "reasonably bring[s] the prohibition to the attention of the public."

that on appeal to the district court, "[t]he record consists of the original papers and exhibits in the case; any transcript, tape, or other recording of the proceedings; and a certified copy of the docket entries." Fed. R. Crim. P. 58(g)(2)(c). Thus the parties cannot add exhibits at this stage in the proceedings.

Notwithstanding, the court notes that neither of the maps submitted by either party include any reference to Bender Landing, where defendant's vehicle was found. <u>Compare</u> United States Department of Agriculture, North Carolina Forest Service, <u>Recreational Map</u>, https://www.fs.usda.gov/Internet/FSE_DOCUMENTS/stelprdb5403940.pdf [https://perma.cc/32UA-XKYC], <u>with</u> United States Department of Agriculture, North Carolina Forest Service, <u>Motor Vehicle Use Map</u>, https://www.fs.usda.gov/Internet/FSE_DOCUMENTS/ fseprd544165.pdf [https://perma.cc/UAJ9-Y5HZ]; <u>see also</u> United States Department of Agriculture, North Carolina Forest Service, <u>Maps and Publications</u>, https://www.fs.usda.gov/main/nfsnc/ maps-pubs [https://perma.cc/4D8S-J4SK].

The government argues that the absence of reference to Bender Landing "would appear to give visitors to the Croatan even greater warning – one who viewed the map and interpreted it to mean there was no parking at Bender's Landing would have been warned off at an even greater distance, believing the entirety of the vehicles in the area were unlawful." (DE 41 at 10). The court is not convinced. First, this position is inconsistent with the testimony provided by Barnett who indicated there were multiple areas at Bender's Landing were vehicles could be possessed or used, presumably not in violation of 36 C.F.R. § 261.56. (<u>See</u> DE 16 at 8 (Barnett testifying that near where defendant's vehicle was encountered, "[t]here is a parking area at the lake, where the landing is, where sometimes people launch boats or park to camp.")). Second, such an over broad order is

6

inconsistent with 36 C.F.R. § 261.56 and 36 C.F.R. § 261.50(c), which require an order prohibiting the possession or use of a vehicle off National Forest System roads and that such order "describe the road or trail to which the order applies."[3]

**CONCLUSION**

For the foregoing reasons, the decision of the magistrate judge is REVERSED and the judgment against defendant is VACATED.

SO ORDERED, this the 28th day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] The government further argues that the motor vehicle use map explains that "[m]otor vehicle designations include parking along designated routes and at facilities associated with designated routes when it is safe to do so and when not causing damage to National Forest System resources" and "[c]onsistent with that provision, there are NO parking areas in the Croatan shown" and "[p]arking a vehicle along a designated route is not a problem, as long as it does not damage resources; using a vehicle is a problem, and is prohibited unless specifically authorized." (DE 41 at 9-10). This argument, however, does not address defendant's overarching argument, that there is "a developed, maintained, frequently traveled, gravel road, several hundred yards long, leading to the developed, maintained, frequently used boat ramp, camping area, and parking lot that is Bender's Landing," (DE 38 at 13), which is not found on any map, is presumably authorized on which to use a vehicle, and near where defendant's vehicle was found.